## Dravo Corporation v. Key Bellevilles, Inc.

*Gary F. Selway,* for plaintiff.

*Robert J. Key* and *K. Lawrence Kemp,* for defendant.

SCULCO, *J.,* July 29, 1976—This matter is before the court en banc on plaintiff's preliminary objections in the nature of a demurrer and in the nature of a motion for a more specific pleading as to defendant's new matter and counterclaim.

A brief history of the proceedings in this matter is as follows.

On October 21, 1975, plaintiff filed a complaint in assumpsit to which defendant on November 10, 1975, countered by filing preliminary objections.

On January 5, 1976, the said preliminary objections were withdrawn and on January 29, 1976, plaintiff filed an amended complaint in assumpsit in which plaintiff contends, in summary, that on or about November 26, 1973, plaintiff, by written purchase order, offered to purchase from defendant 143,000 pounds of steel punchings for a consideration of $65 per net ton.

On or about November 28, 1973, defendant, by written agreement, accepted plaintiff's offer to purchase said steel punchings.

The delivery date was allegedly June 24, 1974, and, upon defendant's failure to ship, plaintiff sought immediate assurances of delivery of said punchings.

That on or about July 24, 1974, defendant shipped 4,950 pounds of steel punchings. Defendant allegedly failed to supply the remainder of the contract of steel punchings which required plaintiff to purchase substitute material. The cost of the substitute material exceeded the amount specified in the contract for the undelivered remainder of the contracted steel punchings by $2,176.37.

Plaintiff further claims that the requirement of purchasing the substituted material placed the burden upon him to make engineering modifications and field construction adjustments to accommodate the substitute material. The cost of these modifications and adjustments was $1,198.

On or about February 13, 1976, defendant filed an answer, new matter and counterclaim.

In its answer, defendant contends, inter alia, that the purchase order was not an offer to purchase but was a confirmation of an oral agreement formed on November 21, 1973. Defendant contends that the oral agreement provided for shipments to be made at times convenient to defendant, and defendant contends that it was not required to supply that specified quantity of punchings.

In its new matter, defendant alleged that the oral agreement entered into November 21, 1973, contained, inter alia, the following terms:

(a) Defendant agreed to sell to plaintiff all its output of steel punchings two inches or smaller in size, up to 143,000 pounds, and

(b) Plaintiff agreed to buy all its Belleville spring washer requirements from defendant.

In its counterclaim, defendant alleged that plaintiff breached the oral agreement by its purchase of Belleville springs from a source other than de-

fendant; thus, defendant lost its profit on the volume it would have manufactured.

Plaintiff filed preliminary objections to defendant's new matter and counterclaim on March 15, 1976, and on April 2, 1976, defendant filed its answer to plaintiff's preliminary objections; thus, this matter is before this court.

The crux of plaintiff's objection in the nature of a demurrer relates to defendant's new matter failing to set forth a cause of action, failure to state whether or not defendant was obligated under such alleged agreement and failure to set forth the price or consideration agreed upon by the parties.

A review of defendant's new matter and counterclaim indicates that defendant orally agreed to sell its output of steel punchings two inches or smaller in size up to 143,000 pounds to plaintiff. Plaintiff also orally agreed to buy all its Belleville spring requirements from defendant. Defendant alleges that it has been ready, willing and able to ship its output to plaintiff.

In the instant matter, plaintiff concludes that defendant failed to supply the steel punchings needed by plaintiff; consequently, damages resulted to plaintiff.

Although plaintiff may not have received its anticipated supply of steel punchings, the Uniform Commercial Code of April 6, 1953, P.L. 3, sec. 2-306, 12A P.S. §2-306, raises a question related to the basis of plaintiff's rationale for establishing liability. 12A P.S. §2-306(2) states:

"A lawful agreement by either the seller or the buyer for exclusive dealing in the kind of goods concerned imposes unless otherwise agreed an obligation by the seller to use best efforts to supply the

goods and by the buyer to use best efforts to promote their sale."

Contrary to plaintiff's contention, the obligation placed on defendant in a requirements contract is to utilize its best efforts to supply the goods.

Plaintiff's contention that defendant's new matter and counterclaim is defective due to the absence of a specified price is not substantiated by the language of the Uniform Commercial Code. 12A P.S. §2-204(3):

"Even though one or more terms are left open a contract for sale does not fail for indefiniteness if the parties have intended to make a contract and there is a reasonably certain basis for giving an appropriate remedy."

The parties, if they so intend, can conclude a contract for sale even though the price is not settled. In such a case, the price is a reasonable price. See 12A P.S. §2-305(1).

This court does agree with plaintiff's contention that a complaint must state clearly and concisely all the relevant facts so that defendant may be fully advised as to what he is called to meet.

A review of defendant's new matter and counterclaim, however, does convince this court that it is sufficient on its face to advise plaintiff of the basis of defendant's allegations. Consequently, a motion for more specific pleading is not the appropriate method for acquiring the additional information sought by plaintiff but the various discovery measures as provided in the Pennsylvania Rules of Civil Procedure must be utilized.

This court, therefore, enters the following

## ORDER OF COURT

And now, July 29, 1976, after due and careful consideration of the pleadings, the arguments and

briefs submitted in this matter, it is hereby ordered, adjudged and decreed that plaintiff's preliminary objections in the nature of a demurrer and in the nature of a motion for more specific pleading are without merit and be and the same hereby are denied and dismissed;

Plaintiff is given 20 days to file any appropriate pleadings.